# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| THE COMPLAINT OF DAYSTAR ) | Case No. 3:13-cv-01132 |
| COUNSELING MINISTRIES, INC. ) | Chief Judge Haynes |
| FOR EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY ) | |

## MEMORANDUM

Daystar Counseling Ministries filed this action under Limitation of Liability Act, 46 U. S. C. § 30501 et seq. for exoneration from or limitation of liability, as the owner of a vessel, a 1998 Sea Ray 23.5 that was involved in an accident on the Tennessee River/Kentucky Lake, navigable waters. This accident generated state court actions in Tennessee and Kentucky. Daystar moved for a stay of the state court actions and sought Court approval of an interim stipulation as well as the setting of a deadline for the filing of claims, (Docket Entry No. 5) that the Court granted. (Docket Entry No. 10). Claimants Kenneth Merlyn Caldwell, Jr., individually and as guardian of T.C., a minor, and Tina Caldwell, Individually and as parent of T.C., filed claims and stipulations. The Caldwell Claimants assert that their claims constitute a single claim under admiralty law and Tennessee law.

Before the Court is the Caldwell Claimants' motion to vacate (Docket Entry No. 13) seeking to dissolve the stay of their State court proceedings and to consent to the limitation of liability sought by Daystar. These Claimants contend that their Stipulations protect Plaintiff's right to seek limitation of liability. In its response, Daystar contends that Caldwell Claimants and the state court actions present multiple claims and under Sixth Circuit precedent, Daystar is entitled to a stay of the State courts' proceedings and a limitation on its liability for the accident at issue.

## A. Analysis of the Motion

The factual context for this controversy is the July 27, 2012 accident on the Tennessee River/Kentucky Lake involving fifteen-year-old T.C. who was riding on the 12-passenger Island Hopper™ Banana Boat, owned by Daystar. The Island Hopper, a large inflatable water sled, was being towed by Daystar's Sea Ray motor boat and was operated by Daystar's employees. T.C. was a participant in Daystar's "Camp Hopetown" summer camp program in New Concord, Kentucky. While on the lake, T.C. fell and his right leg became entrapped by portions of the Island Hopper towable and its lines. From this accident, T.C. suffered extensive degloving of the skin from the tissue of his right leg.

Claimant Ken Caldwell, T.C.'s natural father and legal guardian, filed a personal injury action under the Savings for Suitors Act for T.C. against Daystar in the Kentucky state court. Claimant Ken Caldwell also named Neoprene Distributors International d/b/a Aqua Sport Technology ("Aqua Sport"), the manufacturer and distributor of the Island Hopper™ Banana Boat. Claimant Ken Caldwell asserted claims for products liability, negligence and strict liability. Claimant also sought damages for his son's past, present and future physical and mental pain and suffering; T.C.'s loss of the ability to engage in the normal activities of life as a teenage boy; impairment of his ability to work, labor, and earn money; his serious disfigurement; and past and future hospital and medical expenses. The Kentucky action seeks $10,000,000.00 for T.C.'s injuries and damages.

Claimant Ken Caldwell also filed a personal injury action on behalf of T.C. against Daystar in the Tennessee state court asserting product liability claims against the manufacturer of the Island Hopper towable. In the Tennessee action, Tina Caldwell, T.C.'s mother joined as a plaintiff asserting derivative claims for the loss of services and for the medical expenses resulting from the

T.C.'s extensive injuries. The Tennessee action seeks $10,000,000.00 for T.C.'s injuries and damages, but also seeks $2,000,000.00 for Ken Caldwell's and Tina Caldwell's derivative damages. In the Tennessee action, the Caldwells were granted leave to amend to add Sun Yacht Marine Water Sports Equipment Co. LTD, the Chinese company that manufactured the Aqua Sport, for alleged defective design and manufacture of the Island Hopper vessel.

In the Kentucky action, Daystar asserted a cross-claim against Aqua Sport alleging its entitlement to judgment against Aqua Sport, if Daystar is found liable for any damages. Aqua Sport also asserted a cross-claim against Daystar in the Kentucky action seeking indemnity from Daystar for any judgment against Aqua Sport. In the Tennessee action, with leave of the State court, Daystar amended its answer to include the identical cross-claim against Aqua Sport. Aqua Sport moved to dismiss the cross-claim, but the court allowed Daystar to file an amended cross-claim against Aqua Sport, seeking indemnity and contribution claims against Aqua Sport.

In this action, the Caldwell Claimants filed Stipulations that these Claimants assert, will protect Daystar's limited liability under Admiralty law. These Stipulations read as follows:

> 1. Claimants, Ken Caldwell, as Guardian of T.C., and Ken Caldwell and Tina Caldwell, Individually and as Parents of T.C., hereby concede that Plaintiff, Daystar Counseling Ministries, Inc. ("Daystar"), is entitled to have the right to litigate all issues relating to limitation of liability pursuant to the provisions of the Limitation of Liability Act in this Court, but Claimants specifically reserve the right to deny and contest in this Court all assertions and allegations made by Daystar in the complaint for exoneration from or litigation of liability filed herein.
>
> **2. Claimants herein will not seek in the actions pending in the Calloway Circuit Court of the Commonwealth of Kentucky, and in the Fifth Circuit Court of Davidson County in the State of Tennessee, in which jury trials have been demanded, any judgment or ruling on the issue of Daystar's right to limitation of liability; and hereby consent to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that may be rendered in said state court actions.**

3. Claimants herein, while not stipulating to or agreeing to $11,000.00 as the combined value of Daystar's interest in the Sea Ray ("vessel") and its pending freight, hereby **stipulate that in the event there is a judgment or recovery in either or both of the state court actions in excess of $11,000.00, whether against Daystar or any other liable party or parties who have made or make cross-claims or claims over against Daystar, in no event will Claimants herein seek to enforce those excess judgments or recoveries insofar as same may expose Daystar to liability in excess of $11,000.00 pending the adjudication of the complaint of limitation of liability in this Court.**

4. Claimants are not challenging the appraised value of the vessel and concede to the appraised value.

(Docket Entry No.12-1) (emphasis added).

### B. Conclusions of Law

Under the Supplemental Rules for Admiralty Claims Limitation of Liability Rule, when a shipowner complies with the Rule's requirements, the district court must enter an order enjoining the further prosecution of actions related to the incident at issue question. Fed. R. Civ. P. F(3). The district court's Order must also set a deadline for all claimants against the owner of the vessel to file their claims. Fed. R. Civ. P. F(4). After the deadline, under its Admiralty jurisdiction, the district court conducts a "concursus"[1] to determine "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 755 (2d Cir.1988) (quoting Universal Towing v. Barrale, 595 F.2d 414, 417 (8th Cir. 1979)). Claimants contend that this procedure conflicts with the "Savings to Suitors" clause of 28 U.S.C. § 1333 (2006) that "sav[es] to suitors . . . all other remedies to which

---

[1] Black's Law Dictionary defines "concursus" as a form of interpleader. Black's Law Dictionary (9th ed. 2009). See also Black's Law Dictionary at 363 (4th ed. 1968) (defining concursus as "A proceeding in Louisiana similar to interpleader. See Louisiana Molasses Co. v. Le Sassier, 28 So. 217 [(La. 1900)]").

4

they are otherwise entitled." (Docket Entry No. 13-1, Claimants' Motion, at 5).

To resolve this conflict, courts have formulated two exceptions which, if met, require a district court to dissolve its injunction and allow a claimant to continue to pursue his or her state court action, provided that the claimant makes certain stipulations. Universal Towing, 505 F.2d at 418. The district court, however, retains jurisdiction over all limitation of liability issues. S & E Shipping Corp., v. Chesapeake & Ohio Ry. Co., 678 F.2d 636, 643-44 (6th Cir. 1982) (citing Helena Marine Service, Inc. v. Sioux City, 564 F.2d 15, 18 (8th Cir. 1977); In re Red Star Barge Line, Inc., 160 F.2d 436 (2d Cir. 1947)).

The first exception involves a determination of whether the vessel owner is entitled to limitation of liability for the specific claims against the vessel owner that do not exceed the value of the limitation fund. In re Muer, 146 F.3d 410, 417 (6th Cir. 1998). The second exception involves where a single claim is presented against the vessel owner. In Lewis v. Lewis &Clark Marine, Inc., 531 U.S. 438, 455 (2001), in upholding the district court's decision to dissolve the injunction against further proceedings in state court on behalf of a single claimant who made appropriate stipulations, the Supreme Court stated: "In sum, this Court's case law makes clear that state courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." Thus, for the second exception, the determination is whether with an appropriate stipulation and a single claim, the district court "must dissolve its stay of other proceedings" regardless of the claim's "'size in relation to the limitation fund.'" S & E Shipping Corp., 678 F.2d at 643 (citing Ex Parte Green, 286 U.S. 437 (1932); Langnes v. Green, 282 U.S. 531 (1931); Great Lakes Dredge & Dock Co. v. Lynch, 173 F.2d 281 (6th Cir. 1949)).

Daystar argues that in the Tennessee action, the Caldwells' claims for parental loss of services and for medical expenses were asserted only in their individual capacities. In contrast, in the Kentucky action, Claimant Ken Caldwell seeks recovery of past and future hospital and medical expenses without any individual claims by the parents for loss of services. Daystar argues that the Caldwell parents' claims in the Tennessee action represent separate claims and with these multiple claims, the Caldwell Claimants are not entitled to the dissolution of the stay of their Tennessee action. The Caldwell Claimants contend that these claims are a single claim under Admiralty and Tennessee law and if their loss of consortium claims create "multiple claims," then their Stipulations transform those multiple claims into a "single claim," requiring dissolution of the stay of their state court proceedings.

In S & E Shipping, a wife asserted a claim for loss of consortium for injuries to her husband and notwithstanding the husband's claim, the Sixth Circuit considered the wife's and husband's claims to be a single claim, where the wife stipulated that her husband's claim had priority.

> We now consider each claim to determine whether this is a multiple claims-inadequate fund situation. Mrs. Myhre's claim for loss of consortium does not present a separate claim requiring a concursus **because she has stipulated that her husband's claims take priority over hers. Claimants may make such stipulations, reducing their claims and establishing priorities, in order to eliminate the need for a limitations proceeding.**

678 F.2d at 644 (emphasis added with citations omitted). Tennessee law recognizes parents' claims for loss of services and medical expenses resulting from injuries to their child as derivative claims that are consistent with a single claim characterization. Dudley v. Phillips, 405 S.W.2d 468 (Tenn. 1966); McBride v. Shutt, No. 00-1302, 2002 WL 1477211 (W.D. Tenn. July 2, 2002).

In response, Daystar argues that S&E Shipping does not stand for the proposition that in a

6

personal injury action, the claims, including a loss of consortium claim, are always a "single claim" and cites decisions of other Circuits that the Claimants Ken and Tina Caldwell's claims are separate claims. See Complaint of Dammers and Vanderheide and Scheepvaart Maats Christina, 836 F.2d 750, 756 (2d Cir. 1988) ("[i]t is generally acknowledged in admiralty cases that a claim for loss of consortium by one spouse is a separate and independent cause of action from the related tort claim of the other spouse.") (citing American Export Lines, Inc. v. Alvez, 446 U.S. 274 (1980)); Gorman v. Cerasia, 2 F.3d 519, 526 (3rd Cir. 1993); Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1042 (11th Cir. 1996) ("[m]ore recent opinions, however, have disagreed with the analysis of the Eighth and Sixth Circuits [in S&E Shipping and Universal Towing Co. v. Barrale, 595 F.2d 413 (8th Cir. 1979)]").

This Court, however, is bound by the Sixth Circuit decision that applies the single claim concept, where as here, there is a stipulation limiting the vessel owner's exposure that serves the purpose of Admiralty law. Daystar also contends that under the Claimants' Stipulations, "... Claimants specifically reserve the right to deny and contest in this Court all assertions and allegations made by Daystar in the complaint for exoneration from or limitation of liability filed herein." (Doc. No. 12-1, at ¶ 1). Yet, construing the Caldwell Claimants' Stipulations as a whole, the Court is satisfied that these Stipulations, in their entirety, meet the requirements of S & E Shipping to constitute a single claim.

Daystar next argues that if the Court deems Claimants' Stipulations to satisfy S & E Shipping, then Aqua Sport's cross-claim for indemnity against Daystar in the Kentucky action creates a separate and independent claim. In S & E Shipping, the Sixth Circuit held that: "The injured party's claim and the third party's indemnity claim should be treated as a single claim for

purposes of a limitation action," 678 F.2d at 645, and explained its rationale:

> **The reason is that the indemnity claim is derived from and is dependent upon the primary claim against the shipowner.** If the primary claimant proceeds against the shipowner, his recovery would be limited to the fund if the Act applies; if he proceeds against the third party the latter can seek indemnity for the amount paid in satisfaction of the judgment to the extent of the limitation fund. In any event, the claimants, in effect, may enforce only one damages award against the shipowner. **The result is that the indemnity and contribution claims based on negligence theories do not create a multiple claims-inadequate fund situation and do not require a concursus in the district court.**

Id.

To be sure, in a concurring opinion, Judge Cornelia G. Kennedy explained that the Claimants' stipulation does not limit the shipowner's exposure to indemnification claims:

> Universal Towing and the majority both assume that a third party's indemnification or contribution from a shipowner cannot increase the shipowner's liability beyond the plaintiff's limited recovery from the shipowner. See 595 F.2d at 419. The assumption is unwarranted. **A plaintiff's state court judgment against the shipowner is subject to limitation only because the plaintiff was required to file a stipulation to that effect before his state court lawsuit could proceed. The plaintiff's stipulation had no effect on his potential recovery from the third party or that third party's claim for contribution or indemnity. Absent a stipulation from the third party there is no assurance that the shipowner's liability to the third party will be limited.**
>
> The majority also contends that only one damages award may, in effect, be enforced against the shipowner. This is true in the sense that there is only one total damage award to the plaintiff and the third party may recover from the shipowner no more than it was required to pay the plaintiff. However, **although a judgment in favor of a third party for indemnity or contribution will not increase the total award the plaintiff receives, it may alter the proportion paid by the shipowner and third party. If the majority's position prevails the award will be subject to limitation to the extent it is asserted by the plaintiff but not to the extent it is asserted by the third party. This happens because a party claiming indemnity or contribution is not limited to the rights of the plaintiff against the co-defendant or bound by plaintiff's partial waiver of his rights. It asserts its own rights which arise by statute or at common law.**

Id. at 647-48 (emphasis added).

Yet, in S & E Shipping, the majority noted that where a party in the State action does not join the Stipulation, the stay remains in effect:

> [The dock facility operator], however, has not filed these stipulations; **thus, the district court properly modified its injunction to allow only the [injured party] to pursue their claims in state court. The purpose of these stipulations is to preserve the district court's jurisdiction regarding [the vessel owner's] right to limited liability; this issue is independent of the question of whether multiple claims exist.** These stipulations must be filed even where only a single claimant is before the district court.

Id. at 643 n.13 (emphasis added). The Court is bound by the majority opinion that Aqua Sport's indemnification claim is not a separate claim for Admiralty law purposes, provided a stipulation is filed. Yet, Aqua Sport has not filed an appropriate stipulation here and the State court action will be stayed as to any cross-claim against Daystar.

Thus, with the Caldwell Claimants' Stipulations, under S & E Shipping, this Court can lift its injunction to allow only the Caldwell Claimants to pursue their State court actions. Unless Aqua Sport joins or adopts the Caldwell Claimants' stipulations, the stay against Aqua Sport remains in effect. See also In re Complaint of Holly Marine Towing, 270 F.3d 1086 (7th Cir. 2001); Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671 (5th Cir. 1996);Dammers, 836 F.2d at 758; Gorman, 2 F.3d at 528; Beiswenger Enterprises, 86 F.3d at 1042.

For these reasons, the Caldwell Claimants' motion to vacate the Court's stay should be granted, but only to allow the Caldwell claimants to pursue their state court actions.

An appropriate Order is filed herewith.

ENTERED this the ___ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court